MURDOCK, Justice
(dissenting).
With respect to “questions of state law,” the Alabama Constitution,[4] as implemented by Rule 18, Ala. R.App. P., creates an exception to the general prohibition against the issuance by this Court of advisory opinions. Rule 18 provides that this Court may answer determinative “questions or propositions of law of this State” which are certified to it by a federal court and as to which “there are no clear controlling precedents in the decisions of the Supreme Court of this State.” I do not believe either question the Court answers today is within the contemplation of Rule 18.
In answering the first question certified to us, the main opinion acknowledges applicable principles “of law of this State” pertaining to contract interpretation that are already well established in “clear controlling precedents.” The main opinion simply applies these established legal principles to the facts of this case, i.e., the contract language at issue, to determine that that language is unambiguous. The main opinion then applies this unambiguous contract language to the even more particular fact of the type of property being delivered in this particular case— newspapers.
I believe (and it appears that the main opinion agrees) that the policy language does not provide an unambiguous answer to the second question. The main opinion construes the language at issue to mean that the policy exclusion ends the moment the last newspaper is thrown from the car. It goes further, however, and answers a question not certified by the federal court, namely, when the exclusion begins to apply. As to this latter issue, the main opinion holds that the exclusion applies only after the first newspaper is loaded in the car, meaning that the exclusion does not apply while the car is en route solely to pick up newspapers from the vendor. I would be inclined to a different answer to this second question, namely, that the “use of [a] motor vehicle to carry persons or property for a fee” includes the dedicated use of the vehicle while on the way to pick up the person or property and on the way back from delivering the person or property, assuming of course no detour for personal or other reasons.[5]
The prospect that I would interpret the contract language in one way, while other members of this Court choose to interpret it in a different way, does not mean the second question is any more amenable to certified-question treatment than the first question, however. The fact that any two *807 judges might interpret or apply the same contract language differently does not change the fact that that is what they are doing, interpreting contract language and then applying it to the facts before them; they are not deciding unresolved questions of State law. I note in this regard what the main opinion itself states at the outset of its discussion of the second question: “Alabama law concerning exclusions from coverage in an insurance policy is well settled.” 103 So.3d at 805; see also 103 So.3d at 807 (Shaw, J., dissenting)(to same effect).
Based on the foregoing, I respectfully decline to answer either the first or second question presented. The main opinion states that “[w]hether a specific carry-fora-fee exclusion can be applied to a specific insured ... is a fact-driven determination,” 103 So.3d at 804, which we should not be making. Because I believe we are making that determination in this case, I respectfully dissent.

. Would a taxi or limousine driver be deemed not to be engaged in the use of his car to carry persons or property for a fee if he has an accident while on the way to pick up a passenger or while returning to the company garage after delivering the last passenger of the day?